### ALEX BROUSSARD V. SELLS-FLOTO SHOW.

Decided April 15, 1910.

**Bailor and Bailee—Livery Team—Injury—Liability.**

A general agent of a circus company by written contract hired a livery team and driver for the distribution of advertising matter in the country; the contract specified the route and distance the team was to be driven; another agent of the company went out with the team, and the contract provided that the driver was to be at the command of and obey all orders of this agent; the contract also contained this provision: "It is further understood and agreed that I (the owner of the team) assume risk and will not hold the agent or proprietors (of the circus) responsible in any manner for accidents, delays, deaths or damages that may occur to the above-named teams, wagons or men;" the contract did not give the agent that accompanied the team authority to change the route; by order of such agent the route was changed and lengthened, and one of the horses was thereby killed and the other injured. In a suit by the owner of the team against the company for damages, held, the above recited exemption from liability of the company and

the assumption of risk by the owner protected the company only in driving over the route specified in the contract.

Appeal from the County Court of Jefferson County. Tried below before Hon. R. W. Wilson. .

D. W. Glascock and Fleming & Fleming, for appellant.—Where a bailor lets a team for a specified journey to the bailee, and there is a change in the route from the one in the contract specified it is to travel, and injury thereto results from such change in the route, the bailee is liable for all consequential damages. Sims v. Chance, 7 Texas, 570; Mills v. Ashe, 16 Texas, 295; Spencer v. Shelburne, 11 Texas Civ. App., 522; Evertson v. Frier, 45 S. W., 201.

REESE, ASSOCIATE JUSTICE.—This suit was instituted in the County Court by Alex Broussard against the Sells-Floto Show to recover damages for killing one horse and injuring another. It was alleged that the horses were hired to defendant by plaintiff, and that the death of the one horse and injury to the other was caused by the negligence of defendant's agent in driving the team an excessive distance out of the route for which they had been hired. Upon trial without a jury there was a judgment for defendant, from which plaintiff appeals.

The team of horses, with vehicle and driver, was hired by appellant to appellee for the distribution of its advertising matter out of Beaumont through the surrounding country. The contract was in writing, and on the back thereof was stated the different routes to be gone over by the respective teams. The team in question was to be driven over route No. 2, which was as follows, starting from Beaumont: Six miles to Brooks' place, three miles to Cheek, six miles to Taylor's Bayou, eight miles to La Belle, back to Beaumont, sixteen miles, making in all thirty-nine miles. Reaching Taylor's Bayou, the agent of appellee in charge of the business did not proceed to La Belle by the route stated—eight miles—but, instead, took a route by way of Odelia, Hampshire and Stringtown, points not on the direct route from Taylor's Bayou to La Belle, the distance on the route traveled being from sixteen to twenty-one miles in excess of the direct route, as called for in the contract.

The evidence conclusively establishes, and the trial court found, that one of the horses was killed and the other injured as a direct result of being driven this excessive distance. Appellant did not give his consent to this change of route.

By the terms of the contract appellant was to furnish a driver to attend to the team and also to assist appellee's agent. It was expressly provided that the driver was to be at the command of and obey all orders of the said agent while he might have the wagon and team.

The contract also contained this provision: "It is further understood and agreed to that I (appellant) assume risk, and will not hold the agent or the proprietors of the above-named establishment responsible in any manner for accidents, delays, deaths or damages that may occur to the above-named teams, wagons or men."

It was also provided in the contract that the routes to be traveled by the different teams might be changed by the agent with the advertising car, but there is no evidence that this agent had anything to do with the change in the route No. 2.

The trial court concluded that, under the terms of the contract referred to, appellee was not liable for the damages resulting from the excessive distance over which the horses were driven. We think this was error. The exemption from liability of appellee, and the assumption of all risk by appellant, protected appellee only in driving over the route provided for in the contract or any change thereof made as provided in the contract. The authority given to the agent in charge of the advertising car to change the route did not authorize each agent, who went with the respective teams to post the advertisements over the country, to change the route without the knowledge or consent of appellant. The driver was subject to the orders of the agent with the team, and presumably, in the entire absence of any evidence to the contrary, the change of route was under his direction and by his orders. The damage to the horses was directly caused by the change of route, which was entirely outside of the contract of hiring. It may be presumed that the agent had a right to assume that the driver provided by the appellant knew the road, and if the change of route was occasioned by the mistake in this particular, for which appellee's agent was not responsible, appellee would not be liable. But there was no evidence on this point, and it was incumbent upon appellee to establish this fact in order to relieve itself of liability.

We do not think that it was contemplated by the contract that even the agent in charge of the advertising car could, without the knowledge or consent of appellant, make such a change in the route as would require the team to be driven such an excessive distance as was done in this case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*