SELLS–FLOTO SHOWS v. BROUSSARD.

(Court of Civil Appeals of Texas. Galveston. March 6, 1913. Rehearing Denied April 10, 1913.)

ANIMALS (§ 27*)—HIRING—INJURIES TO ANIMALS.

In an action for injuries to a team of horses hired by plaintiff to defendant, where the undisputed evidence showed that defendant's agent knew nothing about the road and depended upon plaintiff's driver, that the injuries were caused either because the horses were not properly cared for or were driven too fast, or by a deviation from the route specified in the contract of hiring increasing the distance about 16 miles, and that plaintiff's driver was responsible for this deviation except possibly about 2½ miles thereof, which the evidence showed could not have hurt the team, a verdict for defendant should have been directed.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 70–78; Dec. Dig. § 27.*]

Appeal from Jefferson County Court; R. W. Wilson, Judge.

Action by Alexander Broussard against the Sells-Floto ·Shows. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Thos. N. Hill and Hill & Cooper, all of Beaumont, for appellant. J. V. Fleming, of Beaumont, for appellee.

---

REESE, J. This is the second appeal of this case. The nature of the case is set out in the opinion on the former appeal, in which the present appellee was appellant. 128 S. W. 439. No testimony was introduced for the defendant on the former trial. On the present trial the defendant (appellant here) introduced the testimony of both its agent, who went with the team, and the driver. The liveryman, appellee, furnished his own driver with the team, who was supposed to be acquainted with the route. Appellant's agent was entirely ignorant as to the route, having never been in the county before. Appellee admits that this agent did not know anything about the road and depended for this upon the driver of the team. The contract contained the following provision: "It is further understood and agreed that I (meaning Broussard) assume risk and will not hold the agents or proprietors of the above-named establishment (Sells-Floto Shows) responsible in any manner for accidents, delays, deaths or damages that may occur to the above mentioned teams, wagons or men." The route named in the contract was from Beaumont to Brooks 6 miles, to Cheek 3 miles, to Taylor's Bayou 6 miles, to La Belle 8 miles, back to Beaumont 16 miles—39 miles in all. Taylor's Bayou is the same place as Fannette. The testimony is sufficient to authorize the conclusion that in going from Taylor's Bayou (Fannette) to La Belle the driver went a good deal out of the way, going by Odelia, Stringtown, and Hamshire, a distance of probably 15 or 16 miles greater than he would have been required to travel if he had gone direct by the shortest road from Fannette to La Belle. The horses were overdriven and as a proximate consequence one of them dropped dead in the harness, in the outskirts of Beaumont, on their return, and the other was injured. It was held upon the other appeal that "it may be presumed that the agent had a right to assume that the driver provided by appellant knew the road, and if the change of route was occasioned by the mistake of the driver in this particular, for which appellee's agent was not responsible, appellee would not be liable."

It appears there was a more direct road from Fannette to La Belle than that by Odelia. But it was only 1½ miles from Fannette to Odelia, and it would have made the route from Fannette to La Belle only 3 miles longer if the driver had gone to Odelia, back to Fannette, and thence to La Belle. The evidence was that it was not more than 2½ miles further than the direct route from Fannette to La Belle to have gone by Odelia. Now the agent of appellant, who testified on the last trial, stated that he knew nothing of the road, was an entire stranger, and trusted entirely to the driver to carry him to the places named on the route-sheet. The driver also corroborated the agent in this, except that on cross-examination he testified the agent told him to go to Odelia, and that Odelia was on the route-sheet. This route-sheet had been prepared by appellee. This witness contradicts himself flatly about appellant's agent having told him to go to Odelia. But assuming that the agent did direct the driver to go from Fannette to Odelia, this was a deviation from the route of, at most, 2½ miles. The testimony was undisputed that if the horses had been properly driven and cared for (and for this, under the contract, appellant's agent was not to be responsible) this slight excess in the distance could not have hurt the team, and it is clear that it would not. The only inference from the undisputed evidence is that either the horses were not properly cared for and were driven too fast, or that the excessive distance in going from Odelia to La Belle by way of Stringtown and other places, making an excess in the distance of about 15 miles, was the proximate cause of the injury to the horses. As to this, the undisputed evidence shows that the agent of appellant had nothing to do with this deviation from the route. The driver was solely responsible. He testifies that he selected this route himself and the agent of appellant had nothing to do with it. A priori it is not reasonable to suppose that appellant's agent had anything to do with this deviation as he was known to be entirely ignorant as to the route, and the driver was supposed to know it, and this is made absolutely certain by the undisputed evidence on the last trial. The only reasonable inference is that the driver, in fact, did not know the direct route beyond Odelia and took a wrong road, and this, aided by careless and reckless driving over a sticky road, caused the damage. The contract by its express terms relieves the appellant, in such case, from liability. It is at least suggestive that the driver was to blame, that he was arrested on complaint of appellee, charged with killing the horse, was tried and convicted, and served 118 days on the county road. The court should have given the charge requested by appellant to return a verdict for defendant. The judgment is reversed and here rendered for appellant.

Reversed and rendered.